DA 10-0115

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 182N

IN THE MATTER OF:

C.A.D. III,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DN 08-21
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Johnna K. Baffa; Van de Wetering Law Offices, P.C.; Missoula, Montana
(Attorney for Appellant Mother)

        For Appellee:

            Steve Bullock, Montana Attorney General; Helena, Montana

            Lucy Darty, Assistant Attorney General, Child Protection Unit;
Missoula, Montana

            Mitch Young, Lake County Attorney; Kurt Moser, Deputy County
Attorney; Polson, Montana

                Submitted on Briefs:  July 28, 2010

                        Decided:  August 17, 2010

Filed:

_____
                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     J.K. is the birth mother of C.A.D. III.  On July 18, 2008, the Department of Public Health and Human Services (Department) removed C.A.D. III from the care and custody of his parents, pursuant to § 41-3-301, MCA.  The Department based its decision to immediately remove the child upon the parents' violation of voluntary protection service agreements, illegal drug use, domestic violence, and their lack of parenting skills.  After removing C.A.D. III, the Department petitioned for temporary investigative authority and emergency protective services.  J.K. filed a motion to dismiss, arguing that the emergency removal of C.A.D. III was not justified by the facts.  C.A.D. Jr., the child's birth father, filed a similar motion.  The District Court denied the motions.

¶3     J.K. and C.A.D. Jr. entered into a stipulation on October 22, 2008, agreeing to undergo chemical dependency testing and take parenting education classes, and C.A.D. Jr. additionally agreed to participate in anger management counseling.  When they failed to abide by these terms, the Department filed a petition for adjudication of C.A.D. III as a youth in need of care and for temporary legal custody, on January 16, 2009.  After

2

hearing, the District Court concluded that C.A.D. III was a youth in need of care and granted temporary legal custody to the Department. J.K., represented by counsel, agreed to a treatment plan on April 29, 2009, to be completed by August 1, 2009. On September 4, 2009, the Department petitioned for permanent legal custody and termination of J.K.'s parental rights to C.A.D. III, pursuant to § 41-3-609(1), MCA. After hearing, the District Court granted the petition. C.A.D. Jr.'s parental rights were also terminated.

¶4     J.K. challenges the basis for the Department's initial emergency removal of C.A.D. III and the District Court's denial of her motion to dismiss on that basis. She also challenges the District Court's conclusion that the statutory criteria regarding the appropriateness of the treatment plan and the likelihood that her condition would change within a reasonable time was supported by sufficient evidence.

¶5     Recently, we addressed the initial emergency removal of C.A.D. III, at issue here in the appeal prosecuted by C.A.D. Jr., and affirmed the District Court's denial of the motion to dismiss as correctly entered. *In re C.A.D., III*, 2010 MT 146N. We reach the same conclusion here.

¶6     "The standard of review of a district court's findings of fact in a parental termination case is whether the findings in question are clearly erroneous." *In re K.C.H.*, 2003 MT 125, ¶ 12, 316 Mont. 13, 68 P.3d 788. "The standard of review of a district court's conclusions of law in such cases is whether its conclusions are correct." *In re K.C.H.*, ¶ 12. When reviewing a district court's determination that a child is abused or

3

neglected, as well as a decision to terminate parental rights, we review for an abuse of discretion. *In re D.H.*, 264 Mont. 521, 524-26, 872 P.2d 803, 805-06 (1994); *In re K.J.B.*, 2007 MT 216, ¶ 22, 339 Mont. 28, 168 P.3d 629.

¶7     We have determined it is appropriate to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the District Court's factual findings are not clearly erroneous, the District Court did not abuse its discretion, and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶8     Affirmed.

/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT